United States District Court
Southern District of Texas
ENTERED
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **YOHANDER FUNDORA ADAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-06653** |
| | § | |
| **MARKWAYNE MULLIN, DAVE VENTURELLA and WARDEN,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

# MEMORANDUM OPINION AND ORDER

This case asks whether the Respondents[1] may lawfully detain an alien under 8 U.S.C. § 1225(b) after that person was previously paroled into the United States following arrival at a port of entry. The answer, in this case, is yes.

Adan is a citizen of Cuba who arrived in the United States through Miami, Florida, in July of 2023. (Dkt. Nos. 1 at 2; 1-1 at 10). There, he was issued a "Form I-94" by United States Customs and Border Protection officials.[2] (*Id.*). The Form I-94 states, *inter alia*, "Admit Until Date: 10/05/2025." (Dkt. No. 1-1 at 10). On July 15, 2026, Adan was arrested for allegedly racing on the highway. (Dkt. No. 1 at 5). He was taken to the Harris County, Texas, Jail and then transferred, the following day, to Immigration and Customs

---

1 Respondents are sued in their official capacities as officers or employees of the United States and will collectively be referred to as "the Government."

2 Form I-94 records the arrival and departure dates of people visiting the United States. *See* U.S. Customs and Border Protection, *I-94/I-95 Website Travel Record for U.S. Visitors*, Department of Homeland Security, https://i94.cbp.dhs.gov/home (last visited Nov. 5, 2026).

Enforcement's Montgomery Processing Center in Conroe, Texas, where he remains detained. (*Id.*).

Contrary to his claims, the granting of parole did not confer legal status or admission upon Adan or provide him the present right to release from custody. *See* 8 U.S.C. § 1182(d)(5)(A) (stating that "such parole of such alien shall not be regarded as an admission"). And Adan's parole was not indefinite. On the contrary, it lapsed on October 5, 2025. (Dkt. No. 1-1 at 10). "[P]arole creates something of legal fiction; although a paroled alien is physically allowed to enter the country, the legal status of the alien is the same as if he or she were still being held at the border waiting for his or her application for admission to be granted or denied." *Duarte v Mayorkas*, 27 F.4th 1044, 1058 (5th. Cir. 2022). Adan therefore remained an applicant for admission while on parole. When his parole expired, he was subject to return to custody and continued treatment as an applicant for admission. *See* 8 U.S.C. § 1182(d)(5)(A). As explained below, he is now subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Gonsalves v. Tate*, No. 4:26-CV-01190, 2026 WL 1999943, at *2 (S.D. Tex. Apr. 6, 2026) (Eskridge J.).

Adan's arguments concerning Section 1225(b)'s constitutionality fail. The Fifth Circuit has held that mandatory detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate procedural or substantive due process merely because the Government has not established dangerousness or flight risk. *Sosnava Rodriguez v. Vergara*, ____ F.4th ____, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23, 2026) (en banc). Adan is being held in accordance with the law, and his Petition for a writ of habeas corpus is **DENIED**. (Dkt. No. 1). The Government's motion for a stay of the

proceedings is **DENIED as moot** and its motion for summary judgment is **GRANTED**. (Dkt. No. 9).

## I. BACKGROUND

As discussed, Adan is a citizen of Cuba who arrived in the United States through Miami, and was granted parole through October 5, 2025, and was later arrested for racing and detained by ICE under 8 U.S.C. § 1225(b)(2). (Dkt. No. 1 at 2; Dkt. No. 9 at 2). As to his immigration status, Adan "remains in removal proceedings before the Immigration Court." (Dkt. No. 1 at 5).

On August 13, 2026, Adan filed his Petition for a writ of habeas corpus and Motion for a Temporary Restraining Order. (Dkt. Nos. 1, 3). In his Petition, Adan contends that his detention violates due process principles. (Dkt. No. 1 at 8–12). The Government has responded, seeking a stay of the proceedings, and alternatively, moving for summary judgment arguing that Adan's present detention complies with due process. (Dkt. No. 9 *passim*).

A search of the ICE Online Detainee Locator System reveals that Adan is detained at the Montgomery Processing Center in Conroe, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search, (last accessed Oct. 28, 2026). The facility is in Montgomery County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## II. LEGAL STANDARDS

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124

S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004) (plurality opinion). The writ "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* A district court may grant a writ of habeas corpus if a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

### A. THE GOVERNMENT'S REQUEST FOR A STAY

Before reaching the merits of this case, the Court addresses the Government's request that the Court stay this case pending resolution of the en banc proceedings in *Sosnava Rodriguez v. Ortega*. (Dkt. No. 5 at 1). After briefing was complete, the Fifth Circuit issued its en banc decision in *Sosnava Rodriguez v. Vergara,* ____ F.4th ____, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), reversing the district court judgments and

vacating the orders granting habeas relief. The mandate issued forthwith. *Id.* at *14. Because the en banc proceedings that formed the basis for the Government's request have now been resolved, the Government's request for a stay is denied as moot.

### B. EXHAUSTION OF REMEDIES

Adan argues that "[e]xhaustion should be excused." (Dkt. No. 1 at 8). The Government has not addressed this argument.

As this Court has previously explained, "the general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez-Buenestro v. Mullin*, No. 4:26-CV-06343, 2026 WL 2915092, at *3 (S.D. Tex. Sept. 25, 2026) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992)). Exhaustion of remedies, however, is not required where they are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Here, as in those prior cases, requiring Adan to pursue administrative remedies would be futile, and his failure to exhaust administrative remedies does not preclude consideration of the merits.

### C. ADAN IS SUBJECT TO MANDATORY DETENTION UNDER SECTION 1225(b)(2)(A), WHICH DOES NOT VIOLATE DUE PROCESS

Adan is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and his detention under that provision does not violate due process. Adan argues that his prior grant of parole, and his subsequent presence in the United States "created a protected liberty interest in continued release" that should lead this Court to find that his

"continued detention violates the Constitution and laws of the United States" and thus his "immediate release" is warranted. (Dkt. No. 1 at 14; Dkt. No. 12 at 3). He is wrong.

Adan fails to cite the actual statute under which he claims to have been "granted parole." (Dkt. No. 1 at 7). He does, however, refer to being admitted "pursuant to the Humanitarian Parole Program."[3] (Dkt. No. 1 at 5–6). This Court therefore understands Adan to be referring to 8 U.S.C. § 1182(d)(5)(A). That statute, *inter alia*, authorizes the Secretary of Homeland Security, in his discretion, to "parole into the United States temporarily" an alien applying for admission on a case-by-case basis "for urgent humanitarian reasons or significant public benefit." The statute also states explicitly, however, that "such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall. . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other *applicant for admission* to the United States." 8 U.S.C. § 1182(d)(5)(A) (emphasis added).

The only evidence before this Court as to the length of Adan's parole under the issued I-94 is the statement, "Admit Until Date: 10/05/2025," on the form provided by Adan.[4] Because parole is not an admission, Adan remained an applicant for admission while on parole. *See* 8 U.S.C. §§ 1182(d)(5)(A), 1225(a)(1). When his parole expired in

---

[3] The Government's response is not helpful in this regard either. The Government does not address or even mention Adan's prior grant of "humanitarian parole" at all.

[4] The statute is clear that parole, if granted, is at the "discretion" of the "The Secretary of Homeland Security," and could therefore be revoked at any time by the Secretary. 8 U.S.C. § 1182(d)(5)(A). Adan seems to argue that this parole has no end date and confers upon him a liberty interest that is found nowhere in the statute. Not so.

October 2025, he was subject to return to custody and continued treatment as an applicant for admission. As explained below, Section 1225(b)(2)(A) now requires his detention.[5]

As an applicant for admission, Adan is subject to mandatory detention. Moreover, Adan's detention under § 1225(b)(2) is legal. In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are thus subject to mandatory detention under Section 1225(b)(2)(A). This Court has discussed *Buenrostro-Mendez* in detail in prior opinions. *See Lopez v. Tate*, No. 4:26-CV-06401, 2026 WL 2958295, at *3 (S.D. Tex. Oct. 1, 2026); *Gonzalez-Buenestro*, 2026 WL 2915092, at *4. The Fifth Circuit has since addressed the constitutional question en banc, holding that mandatory detention under Section 1225(b)(2)(A) does not entitle an applicant for admission to an individualized bond hearing based on dangerousness or flight risk and rejecting the procedural- and substantive-due-process challenges presented there. *See Sosnava Rodriguez,* 2026 WL 3181188, at *7.

Adan's case is controlled by *Buenrostro-Mendez* and *Sosnava Rodriguez*. There is no dispute that Adan is an alien present in the United States who is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an

---

5 This Court Ordered that the Respondents "must include all records relevant to the resolution of Adan's habeas petition." (Dkt. No. 8 at 1). Not only has the Government failed to address Adan's argument related to parole, it has, to date, likewise failed to provide any documentation concerning how he *entered the country*, but for an after-the-fact Notice to Appear issued in July 2026. (Dkt. No. 9-1). In responding to a petition that alleges as its main point that the circumstances of his entrance into the United States grant him a liberty interest which should be secured through habeas relief, records concerning that entrance would be "relevant" to say the least.

"applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Adan does not contend that he is "clearly and beyond a doubt entitled to be admitted." He admits, as he must, that his immigration case is proceeding. (Dkt. No. 1 at 6). Therefore, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). And neither procedural nor substantive due process requires the bond hearing or individualized custody determination Adan seeks. *See Sosnava Rodriguez*, 2026 WL 3181188, at *7. Nor does due process require his immediate release on the grounds he asserts. Adan's petition is therefore denied.[6]

## IV. CONCLUSION

There is no genuine dispute as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Adan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **DENIED**. (Dkt. No. 1). The Respondents' Motion to Stay consideration of this petition is **DENIED** as moot. The Respondents' Motion for Summary Judgment is **GRANTED**. (Dkt. No. 9). All other pending motions are **DENIED** as moot.

It is **SO ORDERED**.

[6] This includes rejection of Adan's arguments concerning the "Suspension Clause of the United States Constitution." He has filed a petition for the writ, the Government has responded, and this Court has carefully considered the petition. There is no reasonable argument that the Government has suspended the writ. *See* U.S. Const., Art. I, § 9, cl. 2.

Signed on November 6, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**